# In re Robin Juraine CRAMMOND, Respondent

File A41 925 300 - San Pedro

*Decided October 16, 2001*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) The Board of Immigration Appeals lacks jurisdiction over a motion to reopen where the motion is withdrawn, within the meaning of 8 C.F.R. § 3.2(d) (2001), by the departure of the alien from the United States prior to a ruling on the motion.

(2) When the Board is presented with evidence that it has granted a motion to reopen after the alien's departure from the United States, it is appropriate to reconsider and vacate the prior order on jurisdictional grounds. *Matter of Crammond*, 23 I&N Dec. 9 (BIA 2001), vacated.

FOR RESPONDENT: Laurack D. Bray, Esquire, Ventura, California

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: Lori Bass, Assistant District Counsel

BEFORE: Board En Banc: SCIALABBA, Acting Chairman; DUNNE, Vice Chairman; SCHMIDT, HOLMES, HURWITZ, VILLAGELIU, FILPPU, COLE, GUENDELSBERGER, MATHON, ROSENBERG, JONES, GRANT, MOSCATO, MILLER, BRENNAN, ESPENOZA, OSUNA, OHLSON, HESS, and PAULEY, Board Members.

GUENDELSBERGER, Board Member:

This matter was last before us on March 22, 2001, at which time we granted the respondent's motion to reopen and remanded the record to the Immigration Court for further proceedings. *See Matter of Crammond*, 23 I&N Dec. 9 (BIA 2001). The Immigration and Naturalization Service has filed a motion to reconsider our holding in *Matter of Crammond*, *supra*, that a conviction for "murder, rape, or sexual abuse of a minor" must be for a felony offense in order to be considered an aggravated felony conviction under section 101(a)(43)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(A) (Supp. V 1999).

Before reaching the substantive arguments raised in the motion to reconsider, we address a preliminary jurisdictional issue raised in the Service's motion. The Service notes that it recently discovered that the respondent in this case

departed from the United States and returned to Belize on March 13, 2000. Attached to the Service's motion is a "Notification of Departure-Bond Case" from the United States Embassy, Consular Service, in Belize, indicating that an alien with the same name and alien number as the respondent arrived at the Belize International Airport on March 13, 2000, on a flight from Los Angeles, California.

Our March 22, 2001, decision in *Matter of Crammond*, *supra*, granted a motion to reopen that had been filed by the respondent on February 1, 2000. The Service argues that the respondent's motion to reopen should be deemed to have been abandoned as a result of his March 13, 2000, departure from the United States, and that we should vacate our decision for lack of jurisdiction. The respondent's memorandum in opposition to the Service's motion to reconsider does not address the issue of his departure.

The pertinent regulation provides that "[a]ny departure from the United States, including the deportation or removal of a person who is the subject of exclusion, deportation, or removal proceedings, occurring after the filing of a motion to reopen or a motion to reconsider, shall constitute a withdrawal of such motion." 8 C.F.R. § 3.2(d) (2001). The evidence now submitted by the Service indicates that the respondent departed from the United States while his motion to reopen was pending before the Board. Such a departure constitutes a withdrawal of the motion as of the date of departure. Thus, because our decision in *Matter of Crammond*, *supra*, was rendered after the respondent's departure, we effectively lacked jurisdiction to adjudicate his motion to reopen. Although we were unaware of this fact at the time we rendered our decision, we have now been informed of our lack of jurisdiction. Consequently, we agree that our decision must be vacated.

Accordingly, we will grant the Service's motion to reconsider based on our lack of jurisdiction and will vacate our March 22, 2001, decision in *Matter of Crammond*, *supra*. Moreover, the respondent's motion to reopen must be considered withdrawn as of the date of his departure, March 13, 2000. Our previous order in this case, dated November 9, 1999, will therefore be considered the final administrative decision as if no motion to reopen had been submitted. Given this disposition, we do not address the substantive issues raised in the Service's motion to reconsider.

**ORDER:** The motion to reconsider submitted by the Immigration and Naturalization Service is granted with respect to the issue of jurisdiction.

**FURTHER ORDER:** The March 22, 2001, decision of the Board in *Matter of Crammond*, 23 I&N Dec. 9 (BIA 2001), is vacated.

**FURTHER ORDER:** The motion to reopen filed by the respondent on February 1, 2000, is deemed to have been withdrawn on March 13, 2000, and the record of proceedings is returned to the Immigration Court without further action, as there is nothing pending before the Board.