# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

June 24, 2005

*Before*

Hon.  RICHARD A. POSNER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 04-2102

| | | |
|---|---|---|
| SRIVENUGOPALA GATTEM, | ) | |
| | ) | On Petition for Review |
| *Petitioner*, | ) | of an Order of the Board |
| | ) | of Immigration Appeals |
| *v.* | ) | |
| | ) | No. A78 842 565 |
| ALBERTO R. GONZALES, | ) | |
| | ) | |
| *Respondent.* | ) | |

### O R D E R

On its own motion, the Court hereby amends the slip opinion of June 20, 2005, as follows:

At page 4 of the majority opinion, line 6, "under the age of 17" is inserted after the word "juvenile" and before the period.

At page 4 of the majority opinion, lines 6-7, "A.R. 35." is deleted and replaced with "A.R. 34, 50."

1

At page 4 of the majority opinion, the text of footnote 4 is withdrawn and

replaced with the following new text:

> Although the criminal complaint against Gattem alleged only that his offense involved a juvenile under the age of 18, there is no dispute at this juncture that the victim was actually under the age of 17. The amendment to the notice of removability issued to Gattem alleged that "[y]our [Gattem's] conviction for Solicitation of a Sexual Act in violation of 720, section 5/11-14.1(a) of the Illinois Revised Statutes involved a juvenile under the age of 17 . . . by the name of [Jane Doe]." A.R. 211. In proceedings before the IJ, Gattem formally admitted that allegation through his counsel. A.R. 50. The IJ's decision thus accurately states that Gattem "admits that the crime for which he was convicted, solicitation of a sexual act[,] involved a juvenile under 17 years of age . . . ." A.R. 34. That the age of consent in Illinois is 17, as our colleague points out, *see* post at 6, may explain why the parties and the IJ went beyond the language of the criminal complaint to establish that the victim was under 17. We acknowledge that we can find no evidence in the record independently confirming that the juvenile was, in fact, below the age of 17. Count 3 of the complaint filed against Gattem in state court, which is the sole source of details as to the nature of his offense, alleged only that the victim was under the age of 18. A.R. 96. Count 2 of the complaint, which charged that Gattem had contributed to the delinquency of a minor, alleged that the victim was under 17 years of age, A.R. 95, but Gattem evidently was not convicted on that count, *see* A.R. 94. In any case, Gattem at no point has disputed that his offense involved a minor.

At page 11 of the majority opinion, second full paragraph, line 8, "18." is

deleted and replaced with "17, *see* A.R. 34, 50, 211 and n.4, *supra*."

Finally, on his own motion, Judge Posner withdraws his dissent of

June 20, 2005 and substitutes the attached revised dissent in its stead.

SO ORDERED.

POSNER, *Circuit Judge*, dissenting. Gattem was ordered removed from this country on the ground of his having committed an "aggravated felony," defined as "murder, rape, or sexual abuse of a minor." 8 U.S.C. §§ 1101(a)(43)(A), 1227(a)(2)(A)(iii). His "aggravated felony" was his violating an Illinois misdemeanor statute by, according to the charging document, offering a girl who had not yet reached the age of 18 a pack of cigarettes in exchange for her performing oral sex on him. The Illinois statute provides that "any person who offers a person not his or her spouse…anything of value to perform any [sexual] act…commits the offense of solicitation of a sexual act." 720 ILCS 5/11–14.1(a). Neither Gattem's age at the time of the offense, nor the girl's, was indicated, other than her being under 18; nor is there any suggestion that the girl accepted Gattem's offer. He was sentenced not to prison, but to 24 months on probation.

The Immigration and Nationality Act does not define "sexual abuse of a minor." Casting far afield, the Board of Immigration Appeals in *In re Rodriguez-Rodriguez*, 22 I. & N. Dec. 991 (BIA 1999), found a statute that defines the term as including "the employment, use, persuasion, inducement, or coercion of a child to engage in…sexually explicit conduct." 18 U.S.C. § 3509(a)(8). I say far afield because it is not a statute that criminalizes sexual abuse. Rather, it provides procedural protections for child victims and child witnesses, such as allowing a child to give testimony via closed-circuit television rather than in person if the child is alleged to be a victim of sexual abuse. 18 U.S.C. § 3509(b)(1).

Applying the statute to this case is doubly odd because it is unclear whether "persuasion" or "inducement" includes unsuccessful efforts to persuade or induce. One can be induced or persuaded without being employed (suggesting prostitution), though successful inducement or persuasion would result in the "use…of a child to engage in…sexually explicit conduct." The previous reported cases all involved touching or exposure rather than failed persuasion or inducement. *Espinoza-Franco v. Ashcroft*, 394 F.3d 461, 463 (7th Cir. 2005); *Guerrero-Perez v. INS*, 242 F.3d 727, 730 (7th

Cir. 2001); *Mugalli v. Ashcroft*, 258 F.3d 52, 53–54 (2d Cir. 2001); *United States v. Zavala-Sustaita*, 214 F.3d 601, 602–03 (5th Cir. 2000). My colleagues acknowledge that the language of the statute might be "construed to mean that the child must actually have been persuaded, induced, or enticed to participate in a sexual act," but they add that "logic does not foreclose the Board from taking note of an unsuccessful effort to lure a child into sexual activity." True—but there is no indication that the Board has noticed, let alone "taken note," of the difference. Nor is it easy to see how a state misdemeanor becomes translated not only into a felony, but into an "aggravated felony," for removal purposes.

Without more detail concerning Gattem's crime, I am unconvinced that the Board made a rational judgment in classifying it as an "aggravated felony." The number of unmarried teenaged girls in this country who have engaged in sexual intercourse, let alone in oral sex, is in the millions; for of all girls in 11th grade (few of whom would have turned 18), 53.1 percent have had sexual intercourse. Centers for Disease Control and Prevention, "Youth Risk Behavior Surveillance—United States 2003," *Morbidity & Mortality Weekly*, May 21, 2004, p. 18. Oral sex is even more common; in a study of ninth graders, half again as many were found to have had oral as vaginal sex. Bonnie L. Halpern-Felsher et al., "Oral Versus Vaginal Sex Among Adolescents: Perceptions, Attitudes, and Behavior," *Pediatrics,* Apr. 2005, p. 847. Solicitation of such girls to engage in sex must be common. That doesn't make it right; and circumstances of course alter cases: the younger the girl, the older the man, and the more insistent or prurient the means of inducement employed, the likelier is the solicitation of an underage girl or boy for sex to be a serious crime even if the solicitation is unsuccessful. But we cannot let our imaginations roam; if we could, we could imagine the girl as a prostitute. Based on what little we know, Illinois's characterization of Gattem's conduct as a misdemeanor undeserving of prison time is reasonable, rather than being evidence that Illinois does not take sexual offenses seriously.

No basis has been shown for reclassifying Gattem's offense as an aggravated felony. The government's brief describes his proposal to the girl as "disgusting and depraved" (a dubious characterization if she was one day short of her eighteenth birthday, as she may have been) and, continuing in this vein, speculates without reference either to evidence relating to Gattem's conduct or to a psychological literature that might bear on it that such a proposal might "cause the victim to have negative thoughts about sexuality and produce psychological injury that may be difficult to overcome." Carried away by its own rhetoric, the government describes what Gattem did as "the forcing of unwanted sexual activity" upon the girl, even though there was no sexual act; words are not acts.

The immigration judge offered no reason at all for his ruling beyond citation of *Rodriguez-Rodriguez*. And the Board added nothing to the immigration judge's opinion. The Justice Department's lawyers are not allowed to supply the agency's missing rationale in its brief—nor are we. *SEC v. Chenery Corp.*, 332 U.S. 194 (1947). That has not stopped my colleagues from offering their own rationale: not that the girl is likely to have suffered any adverse consequences from the solicitation that she turned down, but that she might have suffered such consequences had she acceded. Thus sexual abuse of a minor is redefined as attempted sexual abuse.

The analytical vacuum would not matter had the *Rodriguez-Rodriguez* decision provided a defensible rationale for defining conduct such as Gattem's as an aggravated felony of sexual abuse of a minor. (It would only have to be minimally plausible.) The Board doesn't have to repeat in a new case the principles it has established in previous ones. But *Rodriguez-Rodriguez* had not deemed the definition of "sexual abuse of a minor" in 18 U.S.C. § 3509(a)(8) "a definitive interpretation or definition," which is how the government and my colleagues treat it, but merely "a guide." 22 I. & N. Dec. at 996. The alien in that case had been sentenced by a Texas court to 10 years in prison for indecently exposing himself to a child, a felony. The details, such as his age and that of the

child, are not indicated, but obviously it was not a case of unsuccessful solicitation, and the length of the sentence and the fact that it was the maximum allowed by the statute signaled to the Board the presence of aggravating circumstances. *Id.* The contrast with the sentence here is stark (24 months on probation versus five times that amount of time in prison), and cannot be entirely due to north-south differences in penological attitudes.

*Guerrero-Perez v. INS*, *supra*, on which the government also relies, involved an act of sexual penetration of a 15-year-old girl, also a far more serious offense than Gattem's. Like Gattem, Guerrero-Perez was convicted only of a misdemeanor. But it was a Class A misdemeanor; Gattem's was a Class B, punishable by a maximum of six months in prison, one-twentieth of the maximum prison sentence for the crime at issue in *Rodriguez-Rodriguez*.

*Guerrero-Perez* had a curious sequel that goes unremarked by my colleagues. Shortly after it was decided, the Board of Immigration Appeals ruled *In re Crammond*, 23 I. & N. Dec. 9 (en banc), vacated on other grounds, 23 I. & N. Dec. 179 (2001) (en banc), that for "sexual abuse of a minor" to count as an "aggravated felony" for purposes of removal, it must be a felony as defined in 18 U.S.C. § 3559(a)(5); that is, it must be punishable by more than a year in prison. On the basis of this ruling, Guerrero-Perez moved this court for reconsideration. We turned him down on the ground that the Board was wrong in thinking that sexual abuse of a minor had to be the equivalent of a federal felony. 256 F.3d 546 (7th Cir. 2001). The Board (which had vacated the *Crammond* decision on an unrelated ground) then caved, stating, in *In re Small*, 23 I. & N. Dec. 448, 450 (2002) (en banc):

> Since our initial decision in Matter of Crammond, the legal landscape relating to this question has significantly changed. After considering the issue anew in light of our opinion, the Seventh Circuit declined to modify its position and denied a petition for rehearing with a further opinion. Guerrero-Perez v. INS, 256 F.3d 546 (7th Cir. 2001). In addition, two

other circuits, the Sixth and the Eleventh, employed similar reasoning in aligning themselves with the Seventh Circuit. United States v. Gonzales-Vela, 276 F.3d 763 (6th Cir. 2001); United States v. Marin-Navarette, 244 F.3d 1284 (11th Cir.), cert. denied, 122 S. Ct. 317 (2001). Most recently, the Ninth Circuit, citing United States v. Marin-Navarette, supra, determined that "an offense classified by state law as a misdemeanor can be an 'aggravated felony'…if the offense otherwise conforms to the federal definition [of that term] found in 8 U.S.C. § 1101(a)(43)," thus signaling its possible agreement with the result reached by its three sister circuits. United States v. Robles-Rodriguez, 281 F.3d 900, 903 (9th Cir. 2002). Moreover, to our knowledge no federal court has concluded that section 101(a)(43)(A) of the Act pertains only to felony offenses.

In light of these developments, we have reconsidered the issue and conclude that the prevailing appellate court view should be adopted for the reasons set forth in the above-cited opinions of the Sixth, Seventh, and Eleventh Circuits. We consider it appropriate at this juncture to accede to the weight of appellate court authority in the interest of uniform application of the immigration laws.

The Board cannot be criticized for acquiescing in these decisions rather than bucking them with little chance of success. Yet the result is topsy-turvy. The determination whether to require that "sexual abuse of a minor" be counted as an "aggravated felony" for removal purposes only if the particular offense satisfies the federal (which is also the traditional) definition of a felony is not a question of law to be decided by appellate courts; it is a discretionary judgment for the Board to make. For remember that the immigration statute is silent on the meaning of "sexual abuse of a minor"; that was left for the Board to supply, *Chevron*-style, by the application of its knowledge of immigration law and policy. *INS v. Aguirre-Aguirre*, 526 U.S. 415, 424–25 (1999); *INS v. Cardoza-Fonseca*, 480 U.S. 421, 446–49 (1987); *Guerrero-Perez v. INS*, *supra*, 242 F.3d at 730; *Uritsky v. Gonzales*, 399 F.3d 728, 731–32 (6th Cir. 2005); *Mugalli v. Ashcroft*, *supra*,

258 F.3d at 55–56; see *Mei v. Ashcroft*, 393 F.3d 737, 739 (7th Cir. 2004); but see *Singh v. Ashcroft*, 383 F.3d 144, 150–52 (3d Cir. 2004).

There is a further point unremarked by my colleagues, the Board, and the Justice Department; it involves the age of the victim and the structure of Illinois law. The statute under which Gattem was convicted makes no distinctions based on age. Essentially it just forbids solicitation for prostitution. A separate statute penalizes solicitation of minors. 720 ILCS 5/11–6. We do not know why Gattem was not charged under that statute (maybe he was, and the charge dropped), but one possibility is that the girl was 17; that of course would be consistent with her being under 18, as the charging document alleged. Seventeen, not 18, is the age of majority in Illinois so far as solicitation or sexual abuse (including aggravated sexual abuse) of a minor is concerned. Illinois has a separate crime of criminal sexual assault involving family members or abuse of a position of power, but that is not relevant to this case.

The immigration judge said that Gattem's victim was under 17, but on what basis we do not know. Gattem has not contested the point, but the reference to age 18 in the charging document suggests a major confusion. I suppose the Board could adopt a uniform federal rule making the age of consent 18 for purposes of defining sexual abuse of a minor, but there is no suggestion that it has done so.

At all events, it is a defense to criminal sexual abuse and aggravated sexual abuse—both crimes that require an actual sex act, 720 ILCS 5/12–15(c), 16(d)—that the defendant "reasonably believed the person to be 17 years of age or over." 720 ILCS 5/12–17(b). What we have here is not a sex act but merely a solicitation, and as far as appears Gattem had no idea he was soliciting a minor. A reasonable mistake as to the solicited child's age can operate as a defense even to indecent solicitation of a child, because the statute requires that the offender "knowingly solicits a child or one whom he or she believes to be a child." 720 ILCS 5/11–6(a). Character-

izing his conduct as "sexual abuse of a minor" is highly questionable.

We should remand the case to the Board for a reasoned judgment.