**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1075**

AEREMEYES BEYEN KEBEDE,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals

Submitted:  July 26, 2011        Decided:  August 4, 2011

Before WILKINSON, NIEMEYER, and GREGORY, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

Aeremeyes Beyen Kebede, Petitioner Pro Se.  Paul Thomas
Cygnarowicz, Trial Attorney, Daniel Eric Goldman, Senior
Litigation Counsel, Office of Immigration Litigation, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aeremeyes Beyen Kebede, a native and citizen of Ethiopia, petitions for review an order of the Board of Immigration Appeals ("Board") dismissing that part of his appeal from the immigration judge's order finding him removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) (2006), as an alien convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(U) (2006) (defining aggravated felony as including an attempt to commit an offense described in § 1101(a)(43)). Kebede stood convicted of two counts of attempted petit larceny under Va. Code Ann. §§ 18.2-26, 18.2-96 (2009). Under 8 U.S.C. § 1101(a)(43)(G), an aggravated felony includes a theft offense for which the term of imprisonment is at least one year. Kebede claims that his attempted petit larceny convictions, to which he was sentenced to the maximum twelve months' imprisonment, are not aggravated felonies. The Attorney General has filed a motion to dismiss contending this court is without jurisdiction. We agree with the Attorney General and grant the motion to dismiss.

Under 8 U.S.C. § 1252(a)(2)(C) (2006), this court lacks jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D), to review the final order of removal of an alien convicted of certain enumerated crimes, including an aggravated felony. Under § 1252(a)(2)(C), this Court retains

2

jurisdiction "to review factual determinations that trigger the jurisdiction-stripping provision," such as whether Kebede is an alien and whether he has been convicted of an aggravated felony. Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). Once we confirm these two factual determinations, then, under 8 U.S.C. § 1252(a)(2)(C), (D), we can only consider "constitutional claims or questions of law." Mbea v. Gonzales, 482 F.3d 276, 278 n.1 (4th Cir. 2007).

We initially deferred action on the Attorney General's motion to dismiss in order to allow Kebede time to file his informal brief. Kebede's sole issue in the informal brief is whether his misdemeanor attempted petit larceny convictions can be classified as aggravated felonies. We answer in the affirmative.

Both of Kebede's convictions, although classified under state law as misdemeanors, carried maximum twelve month sentences. Because Kebede was twice convicted of attempt to commit a theft offense that had a term of imprisonment of at least one year, he has two aggravated felony convictions. See Wireko v. Reno, 211 F.3d 833, 835 (4th Cir. 2000) ("Under the plain language of this definition, there is no requirement that the offense actually have been a felony, as that term is conventionally understood."); see also United States v. Graham, 169 F.3d 787 (3d Cir. 1999) (misdemeanor petit larceny

3

conviction was an aggravated felony).  Kebede's reliance on In re Crammond, 23 I. & N. Dec. 9 (BIA), vacated on other grounds, 23 I. & N. Dec. 179 (BIA 2001) is misplaced.  In that opinion, the Board stated that its holding only applied to aggravated felonies under INA § 101(a)(43)(A), 8 U.S.C. § 1101(a)(43)(A), i.e., "murder, rape, or sexual abuse of a minor."  Crammond, 23 I. & N. Dec. at 10.  Accordingly, the holding has no relevance to Kebede's attempted petit larceny convictions.

Because Kebede is removable for having been convicted of an aggravated felony and he does not raise a constitutional claim or a question of law, we grant the Attorney General's motion to dismiss and dismiss the petition for review for lack of jurisdiction.  We deny as moot Kebede's motion to stay removal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED

4