UNITED STATES of America,
Plaintiff–Appellee,

v.

Alejandro ROBLES–RODRIGUEZ,
Defendant–Appellant.

No. 01–10193.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 2001.

Filed Feb. 13, 2002.

Linda C. Boone, Assistant U.S. Attorney, Phoenix, AZ, for the plaintiff-appellee.

James Sun Park, Assistant Federal Public Defender, Phoenix, AZ, for the defendant-appellant.

Before: B. FLETCHER, BOOCHEVER, and FISHER, Circuit Judges.

BOOCHEVER, Circuit Judge.

The question presented is whether a state drug conviction, for which the maximum penalty authorized by state law is probation, can be an "aggravated felony" triggering a sentencing enhancement under § 2L1.2(b)(1)(A) of the 2000 U.S. Sentencing Guidelines Manual ("Guidelines").[1] We hold that it cannot.

## BACKGROUND

In October 2000, appellant Alejandro Robles–Rodriguez, a citizen of Mexico, pled guilty to re-entry after deportation in violation of 8 U.S.C. § 1326(a). Under the Guidelines, a person convicted of this offense is subject to a sentencing enhancement if he was convicted of a criminal offense prior to deportation. *See* Guidelines § 2L1.2. Robles–Rodriguez, before being deported, was convicted of two drug possession offenses under Arizona law. The district court found that the Arizona convictions were "aggravated felonies" warranting a 16–level sentencing enhancement under § 2L1.2(b)(1)(A) of the Guidelines, and imposed a sentence of 30 months. Robles–Rodriguez appeals this

---

**1.** Section 2L1.2 of the Guidelines has since been modified. *See* U.S. Sentencing Guidelines Manual § 2L1.2 (2001). All references herein refer to the 2000 Guidelines, under which Robles–Rodriguez was sentenced.

sentence, arguing that the district court erred in concluding that his two Arizona drug convictions were "aggravated felonies" triggering the sentencing enhancement.

The sentences for Robles–Rodriguez's state drug possession convictions were governed by Proposition 200, a ballot initiative passed by the Arizona electorate in 1996. Proposition 200 requires Arizona courts to sentence nonviolent persons convicted of first-and second-time drug possession offenses to probation and participation in a drug treatment program. *See* Ariz.Rev.Stat. § 13–901.01; *Calik v. Kongable*, 195 Ariz. 496, 990 P.2d 1055, 1058 (1999). The purpose of Proposition 200 was "to change Arizona's drug control policy by treating drug abuse as a medical problem best handled by treatment and education, not by incarceration." *State v. Estrada*, 201 Ariz. 247, 34 P.3d 356, 357 (2001) (quotations omitted). Under Proposition 200, state trial courts have no discretion to sentence first-time offenders to incarceration. *See Calik*, 990 P.2d at 1060. With regard to second-time offenders, a trial court may, as a condition of probation, impose up to one year of jail time, but may not impose a prison sentence. *Id.* at 1058.

It is unclear whether, notwithstanding Proposition 200, first-and second-time drug possession offenses still are considered felonies under Arizona law.[2] We need not resolve this question, however, because we conclude that a state drug possession offense for which the maximum authorized punishment is probation is neither an "aggravated felony" nor a "felony offense" for the purposes of § 2L1.2 of the Guidelines.

## ANALYSIS

■ We review *de novo* the district court's decision that Robles–Rodriguez's prior convictions are aggravated felonies triggering the 16–level sentencing enhancement. *See United States v. Rivera–Sanchez*, 247 F.3d 905, 907 (9th Cir.2001) (en banc).

■ Under § 2L1.2 of the Guidelines, a person convicted of re-entry after deportation is subject to a 16–level sentencing enhancement if he was convicted of an aggravated felony prior to deportation. *See* Guidelines § 2L1.2(b)(1)(A). If the defendant's pre-deportation conviction was for any other felony, or for three misdemeanors of a certain type, a 4–level sentencing enhancement applies. *See id.* at § 2L1.2(b)(1)(B). We must therefore consider first whether Robles–Rodriguez's convictions are aggravated felonies. If they are not, we must next consider whether they fall into the category of "other felonies" warranting the lesser sentencing enhancement.

### A. *Aggravated felonies*

■ "Aggravated felony" is a term of art created by Congress to describe a class of offenses that subjects aliens convicted of those offenses to certain disabilities. *See* H.R.Rep. No. 101–681(I), at 147 (1990), *reprinted in* 1990 U.S.C.C.A.N. 6472, 6553.

---

**2.** Under Arizona law, "felony" is defined as "an offense for which a sentence to a term of imprisonment in the custody of the state department of corrections [prison] is authorized by any law of this state." Ariz.Rev.Stat. § 13–105(16). Since Robles–Rodriguez could not have been sent to prison for his drug offenses, it would seem that those offenses were not felonies under state law. On the other hand, notwithstanding Proposition 200,

Arizona courts continue to describe drug possession offenses as "felonies" in their opinions, *see, e.g., Calik*, 990 P.2d at 1056; *Estrada*, 34 P.3d at 358; the statutes under which Robles–Rodriguez was convicted continue to describe drug possession offenses as "felonies," *see e.g.*, Ariz.Rev.Stat. §§ 13–3405(B), 13–3408(B), 13–3411(B); and the judgments for Robles–Rodriguez's convictions describe his offenses as "felonies."

"Aggravated felonies" are not necessarily a subset of felonies; for instance, an offense classified by state law as a misdemeanor can be an "aggravated felony" triggering a sentencing enhancement under § 2L1.2 if the offense otherwise conforms to the federal definition of "aggravated felony" found in 8 U.S.C. § 1101(a)(43). *See United States v. Marin–Navarette,* 244 F.3d 1284, 1286–87 (11th Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 317, 151 L.Ed.2d 236 (2001); *United States v. Pacheco,* 225 F.3d 148, 154–55 (2d Cir.2000), *cert. denied,* 533 U.S. 904, 121 S.Ct. 2246, 150 L.Ed.2d 234 (2001); *United States v. Graham,* 169 F.3d 787, 791–93 (3d. Cir.1999). In determining whether state convictions are aggravated felonies, courts have consistently favored substance over form, looking beyond the labels attached to the offenses by state law and considering whether the offenses substantively meet the statutory definition of "aggravated felony." *See Rivera–Sanchez,* 247 F.3d at 909 (state burglary offense not aggravated felony where state definition of offense broader than definition contained in § 1101(a)(43)); *Marin–Navarette,* 244 F.3d at 1286–87 (state offense classified as a misdemeanor under state law met federal definition of aggravated felony); *Pacheco,* 225 F.3d at 154–55 (same); *Ye v. INS,* 214 F.3d 1128, 1131–33 (9th Cir.2000) (state burglary offense did not meet federal definition of aggravated felony); *United States v. Sandoval–Barajas,* 206 F.3d 853, 856–57 (9th Cir.2000) (state firearm offense not aggravated felony because definition of state offense broader than federal definition contained in § 1101(a)(43)); *Graham,* 169 F.3d at 792–93 (in determining whether state offense is aggravated felony under § 1101(a)(43), "we give effect to the definition of the underlying offense and ignore the label").

In order to determine whether Robles–Rodriguez's drug possession convictions are aggravated felonies, we must navigate a rather confusing maze of statutory cross-references. The definition of "aggravated felony" at 8 U.S.C. § 1101(a)(43) contains a list of qualifying offenses, including "a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B) (1994). Section 924(c) of Title 18, in turn, defines "drug trafficking crime" as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)" and two other statutes not relevant here. 18 U.S.C. § 924(c)(2) (1994). Finally, the Controlled Substances Act defines "felony" as "any Federal or State offense classified by applicable Federal or State law as a felony," 21 U.S.C. § 802(13) (1994), and "felony drug offense" as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to [drugs]." 21 U.S.C. § 802(44) (1998).

We have interpreted this language to mean that a drug offense is an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(B) if it is 1) punishable under the federal Controlled Substances Act and 2) a felony. *See United States v. Garcia–Olmedo,* 112 F.3d 399, 400 (9th Cir.1997). It is undisputed that Robles–Rodriguez's drug convictions would have been punishable under the Controlled Substances Act. *See* 21 U.S.C. § 844(a) (1998). The crucial issue, therefore, is whether the convictions are "felonies" as that term is used in the federal statutes at issue here.

The answer to this question is not immediately clear from the statutory scheme described above. Of the three federal statutes referenced, only one, the Controlled Substances Act, gives any indication of what Congress meant when it used the word "felony" in this context. The Controlled Substances Act defines "felony"

as "any Federal or State offense *classified by applicable Federal or State law as a felony.*" 21 U.S.C. § 802(13) (emphasis added). The government argues we should interpret this language to mean that an offense is a felony under the Controlled Substances Act as long as the convicting jurisdiction labels it as such, without regard to the punishment designated for the offense. We see how this language, viewed in isolation and without regard to context or precedent, might be susceptible to the interpretation suggested by the government.

We reject this interpretation, however, for a number of reasons. First, the government's interpretation conflicts with the same statute's later definition of "felony drug offense" as "an offense that is *punishable by imprisonment for more than one year* under any law of the United States or of a State or foreign country." 21 U.S.C. § 802(44) (emphasis added). If the government's position were correct, a drug offense could be a felony (and therefore a "felony drug offense") even if punishable by *less* than one year's imprisonment—a result clearly inconsistent with the statute's definition of "felony drug offense." It is a basic rule of statutory construction that "[o]ne provision of a statute should not be interpreted in a manner that renders other sections of the same statute inconsistent, meaningless or superfluous." *United States v. Fiorillo,* 186 F.3d 1136, 1153 (9th Cir.1999). Reading both definitions together, we conclude that Congress intended the word "felony" to describe offenses punishable by more than one year's imprisonment under applicable state or federal law.

Second, we observe that Congress has a longstanding practice of equating the term "felony" with offenses punishable by more than one year's imprisonment. *See United States v. Urias–Escobar,* 281 F.3d 165,

167–68 (5th Cir.2002) ("[F]ederal law traditionally defines a felony as a crime punishable by *over* one year's imprisonment."); *Graham,* 169 F.3d at 792 ("The one-year mark was used by Congress as early as 1865."); *United States v. Page,* 84 F.3d 38, 41 (1st Cir.1996) (since the term "felony had long been defined as any offense punishable by … more than one year's imprisonment," court found an "intent to incorporate this pre-existing definition" into the sentencing guidelines where the term "felonious" was left undefined); *Thorm v. United States,* 59 F.2d 419, 419 (3d Cir. 1932); *cf. Francis v. Reno,* 269 F.3d 162, 167 (3d Cir.2001) ("[F]elonies had historically been defined as those crimes that are punishable by at least a year in prison."); *United States v. Burston,* 159 F.3d 1328, 1335 n. 13 (11th Cir.1998) (citing Fed. R.Evid. 609(a)(1) advisory committee's note) (the "traditional definition of a felony" is an offense "punishable by death or imprisonment in excess of one year"); *United States v. Indelicato,* 97 F.3d 627, 631 (1st Cir.1996) ("[T]he traditional distinction between felony and misdemeanor [is] the potential for a sentence of more than one year."). Although the term "felony" once described offenses punishable by death, "[w]ith the rise of the penitentiary and the disappearance of the death penalty for most felonies, … the felony-misdemeanor distinction solidified at the one-year line." *Graham,* 169 F.3d at 792. Indeed, federal offenses today are defined as felonies if they are punishable by more than one year's imprisonment. *See* 18 U.S.C. § 3559(a) (1994). Against this backdrop, we are reluctant to infer, absent a clear indication to the contrary, that Congress intended to abandon its long-established practice of using the term "felony" to describe offenses punishable by more than one year's imprisonment. *Cf. Taylor v. United States,* 495 U.S. 575, 591, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)

("Without a clear indication that ... Congress intended to abandon its general approach of using uniform categorical definitions to identify predicate offenses, we do not interpret Congress's omission of a definition ... in a way that leads to odd results...."); *Hernandez v. Kalinowski*, 146 F.3d 196, 200 (3d Cir.1998) ("Congress must clearly express its intent to change a well-established common law construction."). We find no such indication here.

█ Third, we think that Congress, by defining aggravated felonies with reference to state law, intended to accord respect in the federal sentencing scheme to each state's judgment regarding the appropriate punishment of criminal offenses. In *United States v. Ibarra–Galindo*, 206 F.3d 1337, 1339 (9th Cir.2000), *cert. denied*, 531 U.S. 1102, 121 S.Ct. 837, 148 L.Ed.2d 718 (2001), we held that a state drug possession offense that was punishable as a felony under state law, but would have been only a misdemeanor if charged under federal law, was still an "aggravated felony" within the federal sentencing scheme. Although *Ibarra–Galindo* is distinguishable from the present case because the state offense at issue there was clearly a felony—it was labeled as such and was punishable by up to five year's imprisonment, *see id.* at 1340 n. 1—we can extract from *Ibarra–Galindo* the sound principle that a state's judgment about the appropriate punishment for an offense is entitled to deference in the federal sentencing scheme.

Since deference is due to a state's decision to punish an offense *more* severely than would the federal government, similar deference should apply when the state's punishment is *less* severe. Here, the Arizona electorate, in passing Proposition 200, made a deliberate policy choice to treat simple drug possession "as a medical problem best handled by treatment and education, not by incarceration." *Estrada*, 34 P.3d at 357. Thus, even assuming Arizona continues nominally to classify offenses affected by Proposition 200 as felonies, they are no longer felonies in substance. We agree with the Seventh Circuit's observation that "the punishment chosen for a crime will more accurately and equitably reflect ... the seriousness of that crime than will the crime's felony/misdemeanor classification." *United States v. Jones*, 235 F.3d 342, 346 (7th Cir.2000); *cf. Duncan v. Louisiana*, 391 U.S. 145, 159, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968) ("[T]he penalty authorized for a particular crime is of major relevance in determining whether it is serious or not [because] the penalty authorized by the law of the locality may be taken as a gauge of its social and ethical judgments of the crime in question.").[3] Neither statutory text nor legislative history requires that we disregard Arizona's substantive policy judgment in favor of an outdated and meaningless label.

We accordingly conclude that, although Robles–Rodriguez's prior convictions are punishable under the Controlled Substances Act, they do not qualify as felonies.

---

**3.** Courts have looked to the punishment authorized for an offense, rather than how the offense is labeled, in tackling a number of criminal and constitutional questions. For instance, the maximum punishment authorized for a federal offense determines whether the offense is an "infamous crime" requiring an indictment. *See, e.g., United States v. Ramirez*, 556 F.2d 909, 920–21 (9th Cir.1977);

*Sheridan v. United States*, 236 F. 305, 309 (9th Cir.1916). The punishment to which a defendant is exposed also determines, for instance, when a jury trial is required, *see Duncan*, 391 U.S. at 159, 88 S.Ct. 1444, and whether the state must provide counsel to indigents, *see Argersinger v. Hamlin*, 407 U.S. 25, 37, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).

The convictions therefore do not meet the statutory definition of "aggravated felony."

B. *Other felonies*

 We next consider whether Robles–Rodriguez's convictions fall into the category of "other felonies" warranting a 4–level sentencing enhancement under § 2L1.2(b)(1)(B) of the Guidelines. The answer to that question is resolved by the commentary to § 2L1.2, which defines "felony offense" as "any federal, state or local offense *punishable by imprisonment for a term exceeding one year.*" Guidelines § 2L1.2, cmt. n. 1 (emphasis added). As Robles–Rodriguez's drug offenses were not punishable by more than one year's imprisonment, they do not meet the commentary's definition of "felony offense." We are bound by the commentary's definition unless it "violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, [the] guideline." *Stinson v. United States,* 508 U.S. 36, 38, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993). For the reasons discussed above, we see no inconsistency between the commentary's definition of "felony offense" and the guideline, a federal statute or the Constitution. Robles–Rodriguez's convictions are therefore not "felony offenses" warranting the 4–level sentencing enhancement under § 2L1.2(b)(1)(B).

## CONCLUSION

We hold that Robles–Rodriguez's state convictions are neither aggravated felonies nor felony offenses warranting a sentencing enhancement under § 2L1.2 of the Guidelines. We therefore vacate Robles–Rodriguez's sentence and remand to the district court for resentencing.

VACATED AND REMANDED.