**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jose Luis MARQUEZ–CENTENO,
Defendant—Appellant.**

**No. 00–10575.
D.C. No. CR–00–00635–SMM.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 2001.

Decided Feb. 15, 2002.

Before B. FLETCHER, BOOCHEVER and FISHER, Circuit Judges.

MEMORANDUM *

Appellant Jose Luis Marquez–Centeno appeals his sentence for re-entry after deportation in violation of 8 U.S.C. § 1326(a). The district court held that Marquez–Cen-

teno's two prior convictions under Arizona law for drug possession were "aggravated felonies" warranting a 16–level sentencing enhancement under § 2L1.2(b)(1)(A) of the Sentencing Guidelines. *See* U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A) (2000). We review *de novo* the district court's conclusion that Marquez–Centeno's prior convictions are aggravated felonies triggering the enhancement. *United States v. Rivera–Sanchez*, 247 F.3d 905, 907 (9th Cir.2001).

Because the sentences for Marquez–Centeno's prior state convictions were governed by Arizona's Proposition 200, this case is controlled by our decision in *United States v. Robles–Rodriguez*, 281 F.3d 900 (9th Cir.2002). For the reasons stated in *Robles–Rodriguez*, we hold that Marquez–Centeno's Arizona drug possession convictions are not "aggravated felonies" under § 2L1.2(b)(1)(A) of the Sentencing Guidelines. We also hold that, under *Robles–Rodriguez*, Marquez–Centeno's prior convictions do not fall into the category of "other felonies" warranting a 4–level sentencing enhancement under § 2L1.2(b)(1)(B). We therefore vacate Marquez–Centeno's sentence and remand to the district court for resentencing in light of *Robles–Rodriguez*.

**VACATED AND REMANDED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.