**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jesus BUELNA–COTA, aka Jesus Adrian Buelna–Cota; Jesus Cota–Valdez, Defendant–Appellant.**

No. 01–10483.

D.C. No. CR–00–001024–PGR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 14, 2002.

Decided July 26, 2002.

Before LAY,* DAVID R. THOMPSON, and RICHARD C. TALLMAN, Circuit Judges.

## MEMORANDUM **

Jesus Buelna–Cota appeals his conviction and sentence on one count of illegal reentry after deportation in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. Although we affirm Buelna–Cota's conviction, we vacate his sentence and remand for resentencing.

Buelna–Cota contends that the indictment which alleged in a single count that he "entered, attempted to enter, or was found in the United States", was duplicitous. *See United States v. Ramirez–Martinez,* 273 F.3d 903, 913 (9th Cir.2001). Prior to the commencement of trial, however, the district court granted Buelna–Cota's motion to strike the "entered or attempted to enter" allegations from the indictment. Thus, the indictment upon which Buelna–Cota was tried and convicted alleged only that he was "found in" the

---

* Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

United States, and was not duplicitous.[1]

Buelna–Cota also contends the district court erroneously concluded that his prior conviction for possession of marijuana under Arizona Revised Statutes § 13–3405 was an aggravated felony. Our recent decision in *United States v. Robles–Rodriguez*, 281 F.3d 900 (9th Cir.2002), not available to the district court at the time of sentencing, supports Buelna–Cota's contention and requires that we vacate his sentence and remand for resentencing.

Conviction AFFIRMED; sentence VACATED; case REMANDED for resentencing.

---

1. Although Buelna–Cota's counsel contended at oral argument that the government's late election violated his client's Sixth Amendment right to know the charges against him, that argument is waived because it was not raised before the district court or in briefing to this court. *United States v. Flores–Payon*, 942 F.2d 556, 558 (9th Cir.1991).

