**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Miguel Angel LOPEZ, Defendant— Appellant.**

No. 02–10392.

D.C. No. CR–01–01111–SMM.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2003.*

Decided May 22, 2003.

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before HUG, GIBSON** and FISHER, Circuit Judges.

## MEMORANDUM***

Miguel Angel Lopez appeals his conviction pursuant to 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

It is well settled that an alien may not collaterally challenge the deportation that forms the basis of a § 1326 prosecution "if he validly waived the right to appeal that order during the underlying deportation proceedings." *United States v. Muro–Inclan,* 249 F.3d 1180, 1182 (9th Cir.2001) (internal quotation marks omitted). A waiver of the right to appeal a deportation is not valid when "the record contains an inference that the petitioner is eligible for relief from deportation, but the Immigration Judge fails to advise the alien of this possibility and give him the opportunity to develop the issue." *Id.* (internal quotation marks omitted).

■ Lopez's waiver of the right to appeal his deportation was valid, as the record before the Immigration Judge ("IJ") did not raise a reasonable possibility of relief from deportation. Lopez's conviction for possession of cocaine rendered him ineligible for a § 212(h) waiver—regardless of whether that conviction was characterized as an aggravated felony, a felony or a misdemeanor—because an alien convicted of a drug offense is statutorily eligible for a § 212(h) waiver only if the conviction "relates to a single offense of simple possession of 30 grams or less of marijuana." 8 U.S.C. § 1182(h). Lopez has not identified any other form of relief from deportation of which he should have been advised by the IJ. Accordingly, we conclude that Lopez validly waived the right to appeal his underlying deportation. He therefore is precluded from collaterally attacking the deportation in these § 1326 proceedings. *See Muro–Inclan,* 249 F.3d at 1182; *see also* 8 U.S.C. § 1326(d) (requiring exhaustion of administrative remedies before an alien may challenge the validity of an underlying deportation order).

■ Even if we were to find that Lopez did not validly waive the right to appeal his deportation, we would reject his collateral challenges on their merits. Lopez claims that his deportation violated due process because he was "deported as an aggravated felon," when in fact his drug conviction did not even constitute a felony. However, Lopez was not deported "as an aggravated felon." He was deported because he entered the United States illegally and was convicted of a general drug offense. Lopez has failed to explain how the characterization of his conviction as an aggravated felony affected his deportation. *Compare United States v. Robles–Rodriguez,* 281 F.3d 900 (9th Cir.2002) (holding that convictions pursuant to Arizona's Proposition 200 are not aggravated felonies and invalidating the defendant's sentence—but not his conviction—under § 1326 because he received a 16–level sentence enhancement for commission of an aggravated felony).

■ Moreover, even if the misclassification of his conviction as an aggravated felony violated Lopez's due process rights, he has not shown that he was prejudiced by the violation. *See United States v. Arrieta,* 224 F.3d 1076, 1079 (9th Cir.2000).

---

** The Honorable John R. Gibson, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

To establish prejudice, Lopez must show that he had a "plausible ground for relief from deportation." *Muro–Inclan,* 249 F.3d at 1184 (internal quotation marks omitted). As explained above, Lopez was not eligible for a § 212(h) waiver, and he has not articulated any other possible grounds for relief from deportation to which he would have been entitled if his deportation proceeding had been free from error. Even if he was statutorily eligible for a § 212(h) waiver, Lopez has produced no evidence that he actually would have been granted a waiver, as he is required to do. *See id.* That is, he has produced no evidence that his deportation would impose an extreme hardship on his citizen family members. *See id.*

Lopez's failure to show that he had a plausible grounds for relief from deportation also dooms his claim that his deportation violated principles of international law. We need not decide whether such a violation occurred under the reasoning of *Beharry v. Reno,* 183 F.Supp.2d 584 (E.D.N.Y.2002), because Lopez's failure to offer evidence of extreme hardship has left him unable to show that he had a plausible ground for obtaining a § 212(h) waiver even if he had been statutorily eligible for one.

The judgment of the district court is AFFIRMED.