RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 05a0053p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

CHI JING LIAO,

　　　　　　　*Petitioner-Appellee,*

　　　*v.*

LINDA RABBETT, Interim District Director,
Cleveland Office, United States Department of
Homeland Security; JOHN ASHCROFT, Attorney
General,

　　　　　　　*Respondents-Appellants.*

No. 03-4541

>

---

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 03-01166—Paul R. Matia, District Judge.

Argued: December 6, 2004

Decided and Filed: February 7, 2005

Before: GUY and COLE, Circuit Judges; TARNOW, District Judge.[*]

---

## COUNSEL

**ARGUED:** Alison R. Drucker, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellants. Scott E. Bratton, MARGARET WONG & ASSOCIATES CO. LPA, Cleveland, Ohio, for Appellee. **ON BRIEF:** Alison R. Drucker, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellants. Scott E. Bratton, MARGARET WONG & ASSOCIATES CO. LPA, Cleveland, Ohio, for Appellee.

---

## OPINION

---

　　　RALPH B. GUY, JR., Circuit Judge. Respondents appeal from the district court's order granting habeas relief to petitioner, Chi Jing Liao, and declaring him eligible to apply for cancellation of removal. While conceding he was removable on other grounds, Liao's habeas petition challenged the determination of the Board of Immigration Appeals (BIA) that his state

---

[*] The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

conviction for possession of heroin was an "aggravated felony" as defined by 8 U.S.C. § 1101(a)(43)(B), rendering him ineligible to seek discretionary cancellation of removal under 8 U.S.C. § 1229b(a).[1]   Because we agree that Liao's conviction did not qualify as an "aggravated felony" under this section, we **AFFIRM**.

## I.

Petitioner, Chi Jing Liao, a native and citizen of the People's Republic of China, entered the United States as a lawful permanent resident in October 1992.  In September 2000, Liao was convicted on three state charges:  (1) simple possession of heroin, in violation of Ohio Rev. Code § 2925.11; (2) theft, in violation of Ohio Rev. Code § 2913.02; and (3) receiving stolen property, in violation of Ohio Rev. Code § 2913.51.  These convictions resulted in concurrent six-month terms of imprisonment.  Possession of heroin, the focus of this appeal, is a "fifth degree felony" under Ohio law, but is punishable by a *maximum* term of 12 months' imprisonment.

The INS (now the Department of Homeland Security) commenced removal proceedings against Liao in September 2002.  The initial notice charged two independent grounds for removal: (1) that Liao had been convicted of a violation of state law "relating to a controlled substance . . . , other than a single offense involving possession for one's own use of 30 grams or less of marijuana," 8 U.S.C. § 1227(a)(2)(B)(i); and (2) that he had been convicted of "two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct," 8 U.S.C. § 1227(a)(2)(A)(ii). Liao conceded that he was removable on either of these grounds, and requested, among other forms of relief, discretionary cancellation of removal.

In December 2002, however, respondents further charged that Liao's state drug conviction was an "aggravated felony" as defined in 8 U.S.C. § 1101(a)(43)(B), which made him both subject to removal under 8 U.S.C. § 1227(a)(2)(A)(iii), and ineligible for discretionary cancellation of removal under 8 U.S.C. § 1229b.  The immigration judge agreed and entered an order of removal. Liao appealed, and a divided panel of the BIA affirmed on May 29, 2003.

Liao did not seek direct judicial review of the BIA's final order of removal, but filed a petition for writ of habeas corpus in the district court on June 10, 2003.  On September 29, 2003, after receiving the parties' submissions on the merits, the district court rejected the BIA's interpretation; relied on some of the same cases cited by the dissenting panel member; and found Liao's drug conviction was not a felony under state law, and therefore not an "aggravated felony" under § 1101(a)(43)(B), because it was not punishable by more than one year in prison. The district court accordingly granted the habeas petition and declared that Liao was eligible to apply for cancellation of removal.  Respondents appealed.

## II.

### A.     Background

The term "aggravated felony" is a term of art that can include misdemeanors, *see United States v. Gonzales-Vela*, 276 F.3d 763 (6th Cir. 2001) (misdemeanor sexual abuse of a minor is an "aggravated felony"), and has been increasingly expanded to encompass many kinds of offenses, 8 U.S.C. § 1101(a)(43)(A)-(U).  *See INS v. St. Cyr*, 533 U.S. 289, 298 (2001) (discussing

---

[1] Section 1229b(a) provides that: "The Attorney General may cancel removal in the case of an alien who is inadmissible or deportable from the United States if the alien — (1) has been an alien lawfully admitted for permanent residence for not less than 5 years, (2) has resided in the United States continuously for 7 years after having been admitted in any status, and (3) has not been convicted of any aggravated felony." There is apparently no dispute that Liao would meet the first two criteria.

expansion). This case concerns only § 1101(a)(43)(B), which defines "aggravated felony" to mean "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), *including a drug trafficking crime (as defined in section 924(c) of Title 18)*," and specifically provides that this applies to any such offense "whether in violation of Federal or State law[.]"  8 U.S.C. § 1101(a)(43)(B) (emphasis added).  The federal criminal code, in turn, defines "drug trafficking crime" to be "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1091 et seq.)."  18 U.S.C. § 924(c)(2).[2]  Competing interpretations of the phrase "any felony punishable under the Controlled Substances Act [CSA]" in § 924(c)(2) for purposes of § 1101(a)(43)(B) have developed, although this court has not taken a position on the issue.  *Garcia-Echaverria v. United States*, 376 F.3d 507, 512 (6th Cir. 2004).

One interpretation, referred to as the "hypothetical felony" approach, finds its origin in early BIA decisions that held a state drug conviction could qualify as an "aggravated felony" in one of two ways:  (1) if the state felony conviction had a "trafficking element" (which is not argued here); or (2) if the conviction would be punishable as a felony under one of the enumerated federal drug statutes (the "hypothetical felony" approach).  *In re Davis*, 20 I&N Dec. 536, 541-42 (BIA 1992); *In re Barrett*, 20 I&N Dec. 171 (BIA 1990).  This interpretation reads the phrase "any felony punishable under the CSA" to mean any conviction *punishable as a felony* under the CSA.  The BIA adhered to this "analogous" or "hypothetical" felony approach for a number of years, except in circuits that held to the contrary.  *In re L-G*, 21 I&N Dec. 89 (BIA 1995) (disagreeing with *Jenkins v. INS*, 32 F.3d 11 (2d Cir. 1994)).

The Second, Third, and, most recently, the Ninth Circuits have adopted the "hypothetical felony" approach in immigration cases to determine whether a state drug conviction is a "drug trafficking crime" and therefore an "aggravated felony."  *Aguirre v. INS*, 79 F.3d 315 (2d Cir. 1996); *Gerbier v. Holmes*, 280 F.3d 297 (3d Cir. 2002); *Cazarez-Gutierrez v. Ashcroft*, 382 F.3d 905 (9th Cir. 2004).  As most fully articulated in *Cazarez-Gutierrez*, this interpretation rests principally on an overriding presumption favoring the uniform application of immigration laws, absent plain indication that Congress intended to incorporate state variation.  Looking at the legislative history for § 924(c), these courts found that Congress intended state drug convictions would qualify as aggravated felonies for immigration purposes only if they were punishable as felonies under federal law or involved a trafficking element.  *Cazarez-Gutierrez*, 382 F.3d 914-17; *Gerbier*, 280 F.3d at 304-09.  Practically speaking, then, a state felony drug possession conviction (not involving any element of drug trafficking) that would only be punishable as a federal misdemeanor would not constitute an "aggravated felony" under § 1101(a)(43)(B).[3]

The other interpretation, referred to as the "guideline" approach, developed independently in federal sentencing cases; specifically, in the application of the U.S. Sentencing Guideline Manual

---

[2]Section 924(c)(2) defines "drug trafficking crime" for purposes of § 924(c)(1), which imposes penalties for individuals who use or carry a firearm, or who, in furtherance of any such crime, possess a firearm, during and in relation to any drug trafficking crime or crime of violence for which the person may be prosecuted in a court of the United States.

[3]Of particular importance in the analysis was the 1988 amendment to § 924(c), which changed the definition of "drug trafficking crime" from "any felony *in violation of Federal law* involving the distribution, manufacture, or importation of any controlled substance" to the current definition of "any felony punishable under" the enumerated federal drug statutes.  *Cazarez-Gutierrez*, 382 F.3d at 915 (emphasis added) (internal quotation marks omitted).  That amendment, adopted in the same legislation that introduced "aggravated felony" to the INA, was labeled a "clarification of definition of drug trafficking crimes in which use or carrying of firearms and armor piercing ammunition is prohibited."  *Id*. (citation omitted).  This, it is argued, demonstrated no intention to incorporate state variations in punishment into the definition of a "drug trafficking crime."  Moreover, despite significant amendments to immigration law, including changes to the definition of "aggravated felony," Congress did not amend the definitions in response to the BIA's adoption of the "hypothetical felony" approach.

(U.S.S.G.) § 2L1.2 to aliens convicted of unlawful reentry into the United States after conviction for an "aggravated felony" as defined in 8 U.S.C. § 1101(a)(43).**4**  Under this approach, which has been adopted by a clear majority of circuits addressing the issue in the sentencing context, a state drug conviction constitutes a "drug trafficking crime" and therefore  an "aggravated felony" if (1) it was punishable under the CSA (or the other statutes not at issue here); and (2) it was a felony under federal *or* state law.  *See United States v. Wilson*, 316 F.3d 506 (4th Cir.), *cert. denied*, 538 U.S. 1025 (2003); *United States v. Ibarra-Galindo*, 206 F.3d 1337 (9th Cir. 2000); *United States v. Pornes-Garcia*, 171 F.3d 142 (2d Cir. 1999); *United States v. Simon*, 168 F.3d 1271 (11th Cir. 1999); *United States v. Hinojosa-Lopez*, 130 F.3d 691 (5th Cir. 1997); *United States v. Briones-Mata*, 116 F.3d 308 (8th Cir. 1997); *United States v. Cabrera-Sosa*, 81 F.3d 998 (10th Cir. 1996); *United States v. Restrepo-Aguilar*, 74 F.3d 361 (1st Cir. 1996).

These cases interpreted § 924(c)(2)'s phrase "any felony punishable under the CSA" to plainly mean "any felony," state or federal, that would be *punishable* under the CSA.  Moreover, the courts found the CSA's own definition of "felony" supported this construction.  21 U.S.C. § 802(13) ("The term 'felony' means any Federal or State offense classified by applicable Federal or State law as a felony.")  Significantly, the issue in all of these cases was whether the state felony drug conviction could ever be a "drug trafficking crime" and therefore an "aggravated felony" if it would not be a felony under federal law.  None addressed the further question, presented in this case, of how to determine whether a state drug conviction was a felony under state law.

In 1999, the BIA reaffirmed its intention to apply the "hypothetical felony" approach  as a "default" interpretation for circuits that had not specifically decided to the contrary in an immigration context.  *In re K-V-D*, 22 I&N Dec. 1163 (BIA 1999).  The Fifth Circuit took issue with this and rejected the proposition that interpretation of the phrase "drug trafficking crime" for purposes of § 1101(a)(43)(B) could differ depending on the context in which it arose.  *United States v. Hernandez-Avalos*, 251 F.3d 505 (5th Cir. 2001) (collateral attack on earlier removal order on appeal from conviction for unlawful reentry).  As a result, the court  found that the BIA's application of the "hypothetical felony" approach in an immigration case was inconsistent with the Fifth Circuit's prior precedent and held the "guideline" approach would apply in both immigration and sentencing cases.  The Fifth Circuit remains the only circuit to have explicitly taken this position.

The BIA revisited the issue in *In re Yanez-Garcia*, 23 I&N Dec. 390 (BIA 2002), and abandoned the "hypothetical felony" approach as the "default" interpretation.  The BIA explained that because the phrase "drug trafficking crime" under § 924(c)(2) is a matter of federal criminal law, it must defer to the decisions of the federal circuit courts for cases arising in those circuits.  *Id*. at 396.  Finding that the policy considerations favoring the "hypothetical felony" approach, including national uniformity, were superceded by the obligation to follow the authoritative decisions of the circuit courts, the BIA held it would apply the "guideline" approach to cases arising in circuits that had not yet interpreted the phrase "drug trafficking crime" as defined in § 924(c)(2).  *Id*. at 397.  This decision, however, did not sway the Ninth Circuit from adopting the "hypothetical felony" approach for immigration cases in *Cazarez-Gutierrez*, while continuing to apply the "guideline" approach in sentencing cases.

---

**4**The application notes to U.S.S.G. § 2L1.2, which (although amended several times) have provided for an increase in the offense level if the defendant was previously deported after conviction for an aggravated felony, have consistently defined "aggravated felony" by reference to 8 U.S.C. § 1101(a)(43). *Compare* U.S.S.G. § 2L1.2, comment. (n.7) (1995); U.S.S.G. § 2L1.2, comment. (n.2) (2002); and U.S.S.G. § 2.L1.2, comment. (n.3) (2003).

**B.          Immigration and Habeas Proceedings**

Because, as noted earlier, this court has not taken sides on the issue, both the BIA's majority and dissenting opinions applied the "guideline" approach to Liao's case. The majority, citing *Yanez-Garcia* and the definition of "felony" in 21 U.S.C. § 802(13), concluded that Liao's state drug conviction was a felony under state law because possession of heroin is "classified" as a "fifth degree felony" under Ohio law.

The dissent, on the other hand, written by the author of *Yanez-Garcia*, observed that the precise issue had not been decided in *Yanez-Garcia* or the cases cited in *Yanez-Garcia*. Looking instead to the only cases to have resolved the issue, the dissent found that a state drug conviction should not constitute a felony under state law for purposes of determining whether it was a "drug trafficking crime" unless it was punishable by a term of imprisonment of more than one year. *See United States v. Robles-Rodriguez*, 281 F.3d 900, 904-05 (9th Cir. 2002); *United States v. Arellano-Torres*, 303 F.3d 1173, 1178-79 & n.5 (9th Cir. 2002), *cert. denied*, 538 U.S. 915 (2003). Over this dissent, the BIA dismissed Liao's appeal and affirmed the order of removal.

In his habeas petition, Liao challenged the BIA's majority opinion and argued that the dissent had correctly applied the "guideline" approach to this case. Liao also argued, in the alternative, for adoption of the "hypothetical felony" approach in immigration cases. Without mentioning the competing approaches *per se*, the district court applied the "guideline" approach and rejected the respondents' invitation to find that the state's classification of a crime as a felony would control even when it would not be punishable under state law by more than one year in prison. Granting the habeas petition, the district court determined that Liao's state drug conviction did not qualify as an "aggravated felony" and declared that Liao was eligible to apply for cancellation of removal. Respondents appealed.

**C.          Analysis**

We review the district court's decision in this habeas case *de novo. Garcia-Echaverria*, 376 F.3d at 511. Seeking reversal, respondents both (1) argue that the BIA's majority decision correctly applied the "guideline" approach and (2) oppose Liao's suggestion that we may affirm on alternative grounds by adopting the "hypothetical felony" approach. Because we find Liao's conviction would not qualify as an "aggravated felony" under either the "guideline" or the "hypothetical felony" approach, we need not decide which approach should apply in immigration cases or whether the interpretation of "drug trafficking crime" within the meaning of § 1101(a)(43)(B) may differ depending on the context in which it arises.

There is no dispute that Liao's possession of heroin would be punishable under the Controlled Substances Act, specifically, 21 U.S.C. § 844(a), satisfying the first requirement under either the "guideline" or "hypothetical felony" approach. The parties also agree that Liao's conviction would be a federal misdemeanor under § 844(a) because the maximum term of imprisonment would not exceed one year. This being the case, Liao's state drug conviction would not constitute a "drug trafficking crime" or therefore an "aggravated felony" under the "hypothetical felony" approach.

Under the "guideline" approach, a state drug conviction would constitute a "drug trafficking crime" if (1) it is punishable under the CSA, which it is; and (2) it is a felony. Since it is not a felony under federal law, the only question is whether it is a felony under state law. As noted earlier, all the cases adopting the "guideline" approach involved state offenses that were not punishable as felonies under federal law (*i.e.*, simple possession), and were both labeled felonies under state law *and* punishable by more than one year in prison under state law. Obviously, because that was the case, the courts were not called upon to decide whether the "classification" of an

offense as a felony is sufficient even if the maximum authorized punishment would not exceed one year. *United States v. Caicedo-Cuero*, 312 F.3d 697, 702-04 (5th Cir. 2002), *cert. denied*, 538 U.S. 1021 (2003) (clarifying that the issue was not decided in *Hinojosa-Lopez*, but leaving the issue open); *see also Yanez-Garcia*, 23 I&N Dec. at 398 (because conviction both classified as a felony and carried term of more than one year under state law, "we need not now be concerned with how the Seventh Circuit would resolve potential issues arising by virtue of a particular state's felony/misdemeanor classification system").

Only the Ninth Circuit has answered this question, holding that a state conviction is a felony for this purpose only if it is punishable by imprisonment for more than one year. *United States v. Robles-Rodriguez*, 281 F.3d 900 (9th Cir. 2002). The issue in *Robles-Rodriguez* was whether a state drug possession conviction for which the maximum penalty authorized by law is probation can be an "aggravated felony" under § 1101(a)(43)(B), triggering a sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(A) (2000). Arizona statutes described the offenses as "felonies," but the passage of a ballot proposal in 1996 restricted the sentences that could be imposed for nonviolent first- and second-time drug possession offenses. State courts no longer had discretion to sentence a first-time offender to any incarceration. For second-time offenders, the court could, as a condition of probation, impose up to one year of jail time. The government argued, as respondents do here, that a state drug possession offense is a "felony" (and therefore a drug trafficking crime under § 924(c) and an "aggravated felony" within the meaning of § 1101(a)(43)(B)), as long as the convicting jurisdiction labels it a felony without regard for the punishment authorized for the offense.

Conceding that the definition of "felony," in isolation, might be interpreted that way, the Ninth Circuit rejected it for several reasons. Principally, the Ninth Circuit found that it would conflict with the CSA's further definition of a "felony drug offense"—"an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, or depressant or stimulant substances." 21 U.S.C. § 802(44). The *Robles-Rodriguez* court explained that: "If the government's position were correct, a drug offense could be a felony (and therefore a 'felony drug offense') even if punishable by *less* that one year's imprisonment—a result clearly inconsistent with the statute's definition of 'felony drug offense.'" 281 F.3d at 904. Reading the definitions together, the court concluded that Congress intended the word "felony" to describe drug offenses punishable by more than one year of imprisonment under applicable state or federal law.

In support of that conclusion, the *Robles-Rodriguez* court emphasized Congress's longstanding practice of equating the term "felony" with offenses punishable by more than one year of imprisonment. 281 F.3d at 904 (citing cases). Accepting respondents' observation that there is no single federal definition of a "felony" in the United States Code, where not otherwise specified the Code defines federal offenses having a term of imprisonment of more than one year to be felonies and those with a maximum term of one year or less to be misdemeanors. *See* 18 U.S.C. § 2559(a) (classification of felonies and misdemeanors).

We agree with the Ninth Circuit that, assuming the "guideline" approach applies to determine whether Liao's state drug possession conviction is a "drug trafficking crime" under § 924(c)(2), a state drug conviction is not a felony under state law, even if it is labeled as such, if it is not punishable under state law by a term of imprisonment of more than one year. Defining a state felony for this purpose with respect to the authorized punishment under state law more accurately reflects the state's judgment concerning the seriousness of an offense than it would to look no farther than the nomenclature used to label an offense a felony or misdemeanor. Also, having assumed that a state drug conviction can constitute a "drug trafficking crime" even if it would not be punishable as a felony under the CSA, this result would at least mean that all state drug possession convictions that qualify as "aggravated felonies" are offenses that are punishable by a term of imprisonment of more than one year. That offers more uniformity than if the outcome were

dependent on the existence of or variability between state felony-misdemeanor classification systems.[5]

Whether analyzed under the "guideline" or the "hypothetical felony" approach, Liao's state drug conviction for possession of heroin was not a "drug trafficking crime" as defined in 18 U.S.C. § 924(c)(2), and therefore does not qualify as an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(B). Accordingly, we **AFFIRM** the district court's decision granting habeas relief and declaring Liao eligible to apply for cancellation of removal.

---

[5]The BIA's dissenting opinion concluded that this view was preferable "for reasons of uniformity and because the alternative would effectively render 18 U.S.C. § 924(c) meaningless as to particular state convictions were some state to abolish altogether the use of 'felony' and 'misdemeanor' labels for crimes."