**Dunard Purisima TABALANZA, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 03–72132.

Agency No. A43–973–064.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.\*\*

Decided May 13, 2005.

James F. Smith, Davis, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Counsel, Office

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

of the District Counsel, San Francisco, CA, Ernesto H. Molina, Jr., S. Nicole Nardone, Washington, DC, for Respondent.

Before PREGERSON, CANBY, and THOMAS, Circuit Judges.

## MEMORANDUM***

Dunard Purisima Tabalanza, a native and citizen of the Phillippines, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen. Tabalanza moved to reopen because his conviction under Cal Penal Code § 261.5(c) for unlawful sexual intercourse with a minor was reduced from a felony to a misdemeanor, and thus he is not an aggravated felon for immigration purposes. If Tabalanza is an aggravated felon, we lack jurisdiction. *See Cedano–Viera v. Ashcroft,* 324 F.3d 1062, 1064 (9th Cir.2003). We have jurisdiction only "to make sure as a matter of law that the alien's conviction qualifies as an aggravated felony." *See id.* We conclude that Tabalanza has been convicted of an aggravated felony for purposes of 8 U.S.C. § 1101(a)(43)(A), and we dismiss the petition for review.

" 'Aggravated felony' is a term of art created by Congress to describe a class of offenses that subjects aliens convicted of those offenses to certain disabilities.... [A]n offense classified by state law as a misdemeanor can be an 'aggravated felony' ... if the offense otherwise conforms to the federal definition of 'aggravated felony' found in 8 U.S.C. § 1101(a)(43)." *United States v. Robles–Rodriguez,* 281 F.3d 900, 902–03 (9th Cir.2002). We have already concluded that Tabalanza was convicted of

conduct that constitutes "sexual abuse of a minor" under the federal definition of "aggravated felony" found in 8 U.S.C. § 1101(a)(43). *See Tabalanza v. Ashcroft,* 109 Fed.Appx. 995 (9th Cir.2004) (unpublished); *see also United States v. Pallares–Galan,* 359 F.3d 1088, 1102 n. 7 (9th Cir. 2004) (noting that other circuits have similarly held that "state misdemeanor convictions relating to child sexual matters constitute aggravated felonies of 'sexual abuse of a minor' under 8 U.S.C. § 1101(a)(43)(A)."). Despite the reduction of his conviction from a felony to a misdemeanor under state law, it is still an aggravated felony for purposes of 8 U.S.C. § 1227(a)(2)(A)(iii).

**PETITION FOR REVIEW DISMISSED.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.