**UNITED STATES of America, Plaintiff—Appellee,**

**v.**

**Olbert Maximiliano ALVAREZ–VARELA, Defendant—Appellant.**

**No. 04–10394.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 21, 2005.*

Decided April 7, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Kevin P. Rooney, Esq., Office of the U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

Ann H. Voris, Esq., Federal Public Defender's Office, Fresno, CA, for Defendant–Appellant.

Before: D.W. NELSON, RAWLINSON, and BEA, Circuit Judges.

### MEMORANDUM**

■ Appellant Olbert Maximiliano Alvarez–Varela appeals the district court's imposition of a 57–month sentence for illegal re-entry of an alien deported after the commission of an aggravated felony, in violation of 8 U.S.C. § 1326. He argues that his sentence violated his due process rights because he was deported before he completed probation, which prevented him from having his case dismissed pursuant to the rehabilitative provisions of California

Penal Code § 1203.4. This argument is foreclosed by *Ramirez–Castro v. INS,* which provides that expunged convictions retain their immigration consequences. 287 F.3d 1172, 1174 (9th Cir.2002).

■ Alvarez–Varela asserts that, because judgment on his drug offense was "withheld" and he was granted probation, he was "convicted" neither of an "aggravated felony," justifying an enhancement pursuant to 8 U.S.C. § 1326(b), nor of a "drug trafficking offense," justifying an enhancement pursuant to § 2L1.2(b)(1)(B) of the United States Sentencing Guidelines (Guidelines). However, in California, a defendant is convicted when he enters a guilty plea and it is accepted. *See People v. Wallace,* 33 Cal.4th 738, 16 Cal.Rptr.3d 96, 93 P.3d 1037, 1043 (2004). Accordingly, Alvarez–Varela cannot claim he was not convicted of a felony. Furthermore, he was convicted of an "aggravated felony" under 8 U.S.C. § 1101(43) because the conduct proscribed in California Health & Safety Code § 11378 is punishable under 21 U.S.C. § 841(a) and is a felony under state law. *See United States v. Robles–Rodriguez,* 281 F.3d 900, 903 (9th Cir. 2002). Therefore, enhancements were lawful under both 8 U.S.C. § 1326(b) and USGG, § 2L1.2(b)(1)(B).

■ Alvarez–Varela also argues that his sentence was enhanced improperly based on facts not alleged in the indictment or proven to a jury, in violation of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). However, the district court enhanced Alvarez–Varela's sentence based on prior convictions, so *Apprendi* is not applicable and *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), governs. Under *Almendarez–Torres,* prior convictions need not be alleged in an

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

# 130

indictment or submitted to a jury. *See United States v. Arellano–Rivera,* 244 F.3d 1119, 1127 (9th Cir.2001).

■ Finally, Alvarez–Varela requests remand for re-sentencing in light of the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *Booker* mandates remand for re-sentencing only where there has been a constitutional or non-constitutional error associated with a sentence issued under the applicable provisions of the Guidelines. *Id.* at 769. Since the Sixth Amendment is not implicated when a sentence is enhanced based on a prior conviction, *id.* at 756; *Almendarez–Torres,* 523 U.S. at 243–48, 118 S.Ct. 1219, the district court did not commit a constitutional error in enhancing Alvarez–Varela's sentence. The district court did not commit a non-constitutional error because the district court sentenced Alvarez–Varela both under the then-mandatory Guidelines *and* independently, based on the statutory maximum provided by 8 U.S.C. § 1326(b), considering sufficiently the factors listed in 18 U.S.C. § 3553(a). *See United States v. Knows His Gun,* No. 04–30302, slip op. 1739, 1748–49 (9th Cir. Feb. 15, 2006) (holding that there is no non-constitutional error under *Booker* where the district court sentencing in the alternative "sufficiently considered the Guidelines as well as the other factors listed in § 3553(a)").

Because we further conclude that the sentence was reasonable, the district court's imposition of a 57–month sentence is

**AFFIRMED.**