**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10005 |
| Plaintiff - Appellee, | D.C. No. 4:08-cr-00197-DCB-HCE |
| v. | |
| HERNAN PEREZ-GOMEZ, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted March 8, 2010
San Francisco, California

Before: HUG, REINHARDT and BYBEE, Circuit Judges.

Hernan Perez-Gomez ("defendant") appeals his 46-month sentence imposed

for illegal reentry after deportation in violation of 8 U.S.C. § 1326. Defendant

argues that the district court erred by imposing a sixteen-level enhancement to his

base offense level based on a finding that his prior conviction was a "crime of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii). In 2007, the defendant was convicted of attempted unlawful sexual conduct with a minor in violation of Ohio Revised Code § 2907.04 and § 2923.02. For this state conviction, he was sentenced to 64 days in jail. In determining his sentence for the illegal reentry offense, the district court found that this prior state conviction was a "crime of violence," imposed a sixteen-level enhancement, and sentenced the defendant to 46 months' imprisonment. We have jurisdiction under 28 U.S.C. § 1291 and review de novo a district court's determination of whether a prior conviction is a "felony" that is a "crime of violence" under U.S.S.G. § 2L1.2. *United States v. Laurico-Yeno*, 590 F.3d 818, 820 (9th Cir. 2010). We hold that it was error to impose the sixteen-level enhancement because the defendant's prior conviction is not a "felony" under U.S.S.G. § 2L1.2(b)(1)(A) and remand to the district court for resentencing.

First, the government argues that we may not address whether defendant's conviction is a "felony" under U.S.S.G. § 2L1.2 (b)(1)(A) because he did not present this argument in his opening brief. Although an issue is generally waived if it is not argued in an appellant's opening brief, we have discretion to review an issue if (1) good cause is shown or the failure to address the issue would result in manifest injustice; (2) the issue was raised in appellee's brief; or (3) the failure to

2

raise the issue properly does not prejudice the opposing party's defense. *United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992). In this case, two exceptions apply. First, the failure of this court to address whether the defendant's prior conviction is a "felony" would result in manifest injustice because it was error to impose the sixteen-level enhancement with the result that the defendant received a 46-month sentence when he should have received a zero- to six-month sentence. *See id.* (holding that manifest injustice would result if the court failed to address the issue of the nonunanimous jury verdict). Second, if this court addresses the issue, the government is not prejudiced because both parties submitted post-hearing briefs on this issue and it is purely a question of law. *See id.* (holding that the government was not prejudiced because it was permitted to fully address the issue). The court, thus, may address whether the conviction was a "felony" under the Guidelines.

Next, the government argues that the defendant is judicially estopped from asserting that his prior conviction is not a "felony" because he stated in district court that a four-level enhancement was appropriate. "Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir.

3

2001). It is a doctrine that "seeks to prevent the deliberate manipulation of the courts" and "protect the integrity of the judicial process by preventing a litigant from 'playing fast and loose with the courts.'" *Helfand v. Gerson*, 105 F.3d 530, 534, 536 (9th Cir. 1997). Factors to consider to determine whether to apply judicial estoppel include (1) whether the party's position is "clearly inconsistent" with its prior position; (2) whether the party succeeded in persuading a court to accept the earlier position, so that accepting a later inconsistent position creates a perception that the court has been misled; and (3) whether the party seeking to assert the later position would gain an unfair advantage or the opposing party would suffer an unfair detriment. *Hamilton*, 270 F.3d at 782-83.

Here, judicial estoppel does not apply because the defendant did not clearly present inconsistent arguments, he did not attempt to mislead or deceive the court, an earlier position was not accepted, and the government's defense has not been impaired. The defendant did not present "clearly inconsistent" arguments because in the district court he argued that the sixteen-level enhancement was improper and within this argument, in one sentence, stated that the appropriate increase was by four levels. One sentence within an argument does not equate to a new position. The defendant never presented a full and clear argument in district court that his prior conviction was a felony. He only included one sentence suggesting this

4

within his argument that the sixteen-level enhancement was improper. Also, the defendant did not previously assert a position that creates a perception that the court has been misled and did not attempt to deliberately manipulate the court. Any earlier position regarding the four-level enhancement was not accepted. Finally, the government is not impaired by our consideration of the argument because it was allowed to fully brief the issue. Thus, the defendant is not judicially estopped from asserting the issue of whether his prior conviction is a "felony" under the Guidelines. *See Helfand*, 105 F.3d at 536 (citing standard).

The district court erred in imposing the sixteen-level enhancement because the defendant's prior conviction is not a "felony" that is a "crime of violence," under U.S.S.G. § 2L1.2(b)(1)(A)(ii). Under § 2L1.2(b)(1)(A)(ii), if a defendant was previously deported or remained unlawfully in the United States after "a conviction for a felony that is...a crime of violence" then the court increases the base offense level by sixteen levels. Under that section, a felony is defined as "any federal, state, or local offense punishable by imprisonment for a term *exceeding one year*." U.S.S.G. § 2L1.2, cmt. n.2 (emphasis added). Here, the defendant's prior state conviction is a fifth degree offense that is punishable by no more than twelve months of imprisonment. OHIO REV. CODE ANN. §§ 2907.04(B)(1), 2923.02(E)(1), 2929.14(A)(5). Because the prior conviction is punishable by no

5

more than twelve months of imprisonment at sentencing, the prior conviction does not constitute a "felony" under § 2L1.2(b)(1)(A). *See United States v. Ballesteros-Ruiz*, 319 F.3d 1101, 1103 (9th Cir. 2003) (holding that the maximum penalty for the conviction was one year of jail and that it was not a felony under U.S.S.G. § 2L1.2); *United States v. Robles-Rodriguez*, 281 F.3d 900, 902-06 (9th Cir. 2002) (holding that the conviction was not punishable for more than one year and was not a felony under U.S.S.G. § 2L1.2); *United States v. Corona-Sanchez*, 291 F.3d 1201, 1213 (9th Cir. 2002) (en banc) (holding that maximum sentence for theft offense was imprisonment for six months and was not a felony). Thus, because the district court erred in imposing a sixteen-level enhancement to defendant's base offense level, we vacate the defendant's sentence and remand to the district court for resentencing.

No petition for rehearing will be entertained and the mandate shall issue forthwith. *See* Fed. R. App. P. 2.

**VACATED and REMANDED**.

6